IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






 NO. AP-75,717






EX PARTE DONALD COLUMBUS REED, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 05F0189-102-B IN THE 102
ND DISTRICT COURT


FROM BOWIE COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft over
$20,000 and punishment, enhanced by a prior conviction, was assessed at fifty years' imprisonment. 
Appeal was dismissed because notice was untimely. Reed v. State, No. 06-07-003-CR (Tex.App. -
Texarkana, delivered January 31, 2007, no pet.). 

 Applicant contends that his counsel rendered ineffective assistance because he failed to file
a notice of appeal. The trial court has determined that trial counsel failed to file a notice of appeal
when he withdrew as Applicant's counsel, and new counsel was not appointed in time to file a timely
notice of appeal. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 05F0189-102-B in the 102nd District Court
of Bowie County. Applicant is ordered returned to that time at which he may give a written notice
of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits
shall be calculated as if the sentence had been imposed on the date on which the mandate of this
Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative
steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court
issues.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex.
Crim. App. 1997).


Delivered: June 27, 2007

Do Not Publish